UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JASON GERHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:11-cv-498-GZS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Respondent. | ) |

**ORDER ON MOTION PURSUANT TO 28 U.S.C. § 2255**

Before the Court is Petitioner Jason Gerhard's fully briefed petition under 28 U.S.C. § 2255 in which he seeks to vacate or set aside his conviction. For reasons briefly explained herein, the Court DISMISSES the Petition.

**I.     PROCEDURAL HISTORY**

The factual background and procedural history of the underlying criminal case is detailed in the First Circuit's July 30, 2010 opinion.  See United States v. Gerhard, 615 F.3d 7, 12-18 (1st Cir. 2010).  As a result of that decision, on August 23, 2010, the First Circuit issued a mandate affirming Gerhard's conviction and sentence of 240 months' imprisonment.  Gerhard then filed the pending habeas petition on October 26, 2011.  On November 1, 2011, District of New Hampshire Chief Judge Laplante entered an order referring this case to this judge.  On November 3, 2011, District of Maine Chief Judge Woodcock filed his concurring order designating this judge to preside over this civil case.

The Court notes that this assignment process generally tracks the process that was used in the underlying criminal case, District of New Hampshire Criminal Docket No. 07-cr-189.  In that case, on October 16, 2007, District of New Hampshire Chief Judge McAuliffe referred the

matter to the District of Maine after all judges in the District of New Hampshire recused. The case was then assigned to this judge who presided over the twelve day trial in March and April of 2008 and sentenced Defendant Jason Gerhard on July 31, 2008.

## II. DISCUSSION

Gerhard's primary claim is that this judge lacked proper jurisdiction to preside over his criminal trial and enter judgment in his District of New Hampshire case. This is an argument that fails on both the facts and the law.

In fact, this judge was duly designated in accordance with 28 U.S.C. § 292(b). The Government has attached to its response a copy of the December 21, 2006 Designation Order pursuant to which this judge was assigned to hold court in the District of New Hampshire "during the period beginning January 1, 2007, and ending December 31, 2007, and for such additional time in advance thereof to prepare for the trial of cases, or thereafter as may be required to complete unfinished business." (Gov't Ex. A.) Given this temporary designation, which covers the period of time in which the underlying complex criminal case was assigned to this judge, there is no basis for finding that the designation lacked the necessary statutory authority.

Secondarily, as the Government argues in its response, even if there has been a failure to comply with each of the technicalities required under the temporary appointment statute, Gerhard's argument is barred by the *de facto* officer doctrine. As the Supreme Court most recently reiterated in Nguyen v. United States, 539 U.S. 69 (2003), "[t]he *de facto* officer doctrine . . . 'confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient.'" Id. at 77 (quoting Ryder v. United States, 515 U.S. 177, 180 (1995)). Thus,

even if Gerhard could prove that there were some "technical defect" in this judge's statutory authority to preside over some aspect of his District of New Hampshire criminal proceeding, the doctrine would support the validity of the proceedings unless Gerhard could establish that this judge "could never have been" properly designated to preside over his trial and sentencing in District of New Hampshire Criminal Docket No. 07-cr-189.  Nguyen, 539 U.S. at 79 (discussing the application of the *de facto* officer doctrine in McDowell v. United States, 159 U.S. 596 (1895) & Ball v. United States, 140 U.S. 118 (1891)).  In short, the Court finds no factual or legal support for Petitioner's argument that this judge's temporary designation was improper or resulted in a statutory or constitutional violation.

To the extent that Gerhard's Petition might additionally be read to assert a claim for ineffective assistance of counsel based on a failure to present the same jurisdictional arguments on direct appeal, the Court finds such a claim to be devoid of merit.  Quite simply, counsel's failure to raise meritless arguments played no role in the outcome of the underlying criminal proceeding.

### III.   CONCLUSION

Based upon the foregoing, Gerhard's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is hereby DISMISSED.  Additionally, the Court concludes that a certificate of appealability should not issue in the event Gerhard files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 19th day of April, 2012.

3